■ In the Matter of the Claim of WILLIAM E. ROLAND, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [657 NYS2d 226] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 14, 1995, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Prior to becoming unemployed, claimant formed a wedding video business. When he applied for unemployment insurance benefits, he signed a statement that he was not active in the wedding video business and that he understood "that I must notify this office and mark my coupon for the days I render any services, whether paid or not, because I'm then not considered totally unemployed". While claimant did not videotape any weddings during the period of his unemployment, he did purchase equipment and supplies for his business and met with prospective clients, thereafter deducting these expenses on his income tax returns. Additionally, during the time claimant was collecting benefits, he was hired to videotape a wedding, the date of which happened to be after he ceased collecting unemployment insurance benefits. The Unemployment Insurance Appeal Board found claimant ineligible to receive unemployment insurance benefits on the ground that

he was not totally unemployed. The Board also charged claimant with a recoverable overpayment of benefits and reduced his right to future benefits due to willful false statements regarding his unemployment status.

Notwithstanding the fact that claimant did not videotape any weddings or receive any remuneration from the business during the period, given his activities on behalf of his business we conclude that substantial evidence supports the Board's decision (*see, Matter of Khurgin [Sweeney]*, 232 AD2d 707; *Matter of Quarantillo [Sweeney]*, 226 AD2d 877). The fact that claimant's business activities were minimal and unprofitable does not preclude a finding that claimant was not totally unemployed (*see, Matter of Monro [Sweeney]*, 235 AD2d 885). Furthermore, the Board's finding that claimant made willful false statements is supported by substantial evidence, especially in light of the fact that claimant represented that he was not active in his videotaping business and acknowledged that all services rendered, whether paid or unpaid, were required to be reported (*see, Matter of Gross [Hudacs]*, 195 AD2d 742). Claimant's remaining contentions have been reviewed and found to be unpersuasive.

Cardona, P. J., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.